Eastern District of Kentucky
FILED

JAN 2 3 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 05-441-JBT

PHYLLIS MORRIS,                                                    PLAINTIFF

V.

CALIFORNIA CASUALTY
  INDEMNITY & EXCHANGE,                    DEFENDANT/THIRD PARTY PLAINTIFF

V.

COMMONWEALTH OF KENTUCKY,
acting on behalf of the Kentucky Community
and Technical College System, ET AL.,              THIRD PARTY DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

**I. INTRODUCTION**

On or about September 11, 2001, at approximately 6:50 a.m., plaintiff Phyllis Morris was involved in a motor vehicle collision on Highway U.S. 15 in Breathitt County, near Jackson, Kentucky. It was determined that plaintiff was not at fault in any way in causing this motor vehicle collision, which resulted solely from the negligence of Joyce Smith, the driver of the other vehicle, in operating her vehicle in such a manner that it collided with plaintiff's vehicle. Plaintiff alleged that she sustained bodily injuries from this collision.

At the time of this motor vehicle collision, the driver at fault, Joyce Smith, was insured under an automobile liability insurance policy issued by Kentucky Farm Bureau Mutual Insurance Company ("Kentucky Farm Bureau"). The limit of her liability coverage was $25,000.00, and Kentucky Farm Bureau, on behalf of Joyce Smith, has paid plaintiff the full amount of the liability coverage under this insurance policy, $25,000.00.

Additionally, at the time of this motor vehicle collision, plaintiff was insured under an automobile insurance policy issued by defendant California Casualty Indemnity & Exchange ("California Casualty). Pursuant to the terms of this insurance policy, California Casualty paid plaintiff "personal injury protection" ("PIP") benefits in the amount of $5,956.00. However, plaintiff asserted that the PIP benefits of $5,956.00 she received from California Casualty and the $25,000 she received from Kentucky Farm Bureau were insufficient to fully compensate her for the injuries she sustained in this motor vehicle collision. Plaintiff's automobile insurance policy with California Casualty that was in full force and effect at the time of this collision also contained a provision for payment of underinsured motorists ("UIM") benefits that would be payable to plaintiff in certain instances, such as when a driver who is determined to be at fault does not have sufficient liability insurance to fully compensate an injured party not at fault. Based on this provision in her insurance policy, plaintiff filed a claim with her insurer California Casualty for payment of UIM benefits. California Casualty rejected this claim asserting that it was not contractually obligated to honor plaintiff's claim for UIM benefits in this instance.

Consequently, upon denial of this claim, on September 30, 2005, plaintiff filed this action in Breathitt Circuit Court against defendant California Casualty (Breathitt Civil Action No. 05-CI-00356), for breach of contract, alleging that California Casualty was contractually obligated to pay

2

her claim for UIM benefits to the extent she had not been compensated for the injuries she had

sustained by Joyce Smith's insurer, Kentucky Farm Bureau. Pursuant to 28 U.S.C. § 1332,

California Casualty removed this action from Breathitt Circuit Court.

Thereafter, California Casualty filed a third party complaint against plaintiff's employer,

Commonwealth of Kentucky o/b/o the Kentucky Community and Technical College System,

requesting relief on two grounds: (1) reimbursement of the medical expenses it paid to plaintiff under

its PIP coverage, and (2) a judgment that it has no obligation to reimburse the workers'

compensation carrier for amounts paid or payable and that plaintiff is prohibited by KRS § 342.700

from receiving any double recovery of workers' compensation benefits.

On August 9, 2006, the third party defendant filed its answer to California Casualty's

Amended Third Party Complaint. [DE #44]. Subsequently, on August 23, 2006, the third party

defendant moved to continue the trial or, alternatively, to bifurcate plaintiff's claims against

California Casualty from California Casualty's claims against it. As grounds for this motion, third

party defendant noted that it had only recently become a party to this action and had had no

opportunity to conduct any discovery. On August 28, 2006, the court granted third party defendant's

motion to bifurcate claims, and this action proceed to trial on August 28, 2006, as scheduled;

however, the trial went forward only on the issue of plaintiff's damages. The jury was instructed that

the only issue for its consideration was the amount of damages to which plaintiff is entitled as a

result of the injuries she sustained in this motor vehicle accident.[1]

---

[1] The jury had no knowledge that plaintiff had received PIP benefits from California
Casualty, that plaintiff had received the policy limits of $25,000.00 from the tortfeasor's insurer,
or that plaintiff had been awarded benefits in a workers' compensation claim she filed as the
result of the injuries sustained in the motor vehicle collision in question.

3

After a two-day trial, on August 29, 2006, the jury awarded plaintiff Phyllis Morris $18,104.82 for past medical expenses, $18,000.00 for future medical expenses she is likely to incur, $64,000.00 for permanent impairment of her power to earn money, and $-0- for pain and suffering. [DE #60]. However, due to defendant's pending motion for partial summary judgment concerning plaintiff's right to recover UIM benefits for medical expenses, lost wages, and permanent impairment of power to earn money, resulting from the motor vehicle collision in question, the court deferred entering a judgment in this case, pending resolution of the defendant's motion for partial summary judgment, which has been fully briefed and is ripe for review.

## II. CALIFORNIA CASUALTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

California Casualty asserts that it is entitled to partial summary judgment, in terms of certain credits and offsets, concerning the workers' compensation benefits plaintiff was awarded relative to the workers' compensation claim she filed incidental to this motor vehicle collision.[2] In an Opinion and Award rendered on April 23, 2004, the Kentucky's Workers' Compensation Board ("Board") made the following award to plaintiff:

### AWARD

1.    The plaintiff, Phyllis Morris, shall recover of the defendant-employer, Hazard Community College, and/or its insurance carrier, the sum of $13.72 per week for this 3.45% occupational disability, beginning September 11, 2001, and continuing for a period not to exceed 425 weeks, subject to the provisions of KRS 342.730(4).

2.    The plaintiff shall further recover of the defendant-employer, and/or its insurance carrier, such medical, surgical and hospital expenses as

---

[2] Although plaintiff was driving her personal vehicle at the time of this collision, she was en route to work at that time and was deemed to be performing duties within the course and scope of her employment with the Kentucky Community and Technical College at Hazard, resulting in her filing a claim for workers' compensation benefits.

4

may be reasonably required for the treatment of plaintiff's occupational injury, and the said defendant is to take credit upon this award for such medical surgical and hospital expenses hereto paid.

3. Defendant-employer is to take credit in the amount of $3,169.85, representing subrogation in the tort claim settlement. In the event plaintiff recovers further in her claim for uninsured motorist benefits, defendant shall take credit in an amount equal to 20% of the amount she recovers after attorney's fees and expenses, are subtracted.

Opinion & Award, pp. 14-15 [Exhibit 1 to California Casualty's Motion for Partial Summary

Judgment - DE #18].

However, by Order On Defendant's Petition For Reconsideration entered on June 21, 2004,

ALJ Marcel Smith amended paragraph 1 of the foregoing Opinion & Award to state as follows:

The plaintiff, Phyllis Morris, shall recover of the defendant-employer, Hazard Community College, and/or its insurance carrier the sum of $12.92 per week for 3.25% occupational disability, beginning September 11, 2001 and continuing for a period not to exceed 425 weeks, subject to the provisions of KRS 342.730(4).

Thereafter, by Order on Remand entered on December 6, 2004, ALJ Marcel Smith further amended

paragraph of the Opinion and Award by adding the following sentence at the end of that paragraph:

For each week of cessation of plaintiff's employment during this 425 week period, plaintiff shall recover of the defendant-employer and/or its insurance carrier the sum of $25.84 per week, instead of $12.92 per week, pursuant to KRS 730.730(1)(c)2.

Thus, ultimately, plaintiff was awarded permanent partial occupational disability benefits

in the amount of $25.84 per week, beginning September 11, 2001, and continuing for a period of 425

weeks. In respect to this award, plaintiff's employer advises that for the period of time from

September 11, 2001, through January 14, 2001, it, through its insurance carrier, has paid plaintiff

benefits in the amount of $2,109.11, and that after credits, attorney fees and other offsets, it will

continue to pay plaintiff indemnity benefits at the rate of $16.17 per week through November 2, 2009; these to-be-paid benefits amount to a total of $2,360.82, the present value of which is $2,166.99.

Based on the terms of plaintiff's UIM coverage, California Casualty recognizes that it would be obligated to pay compensatory damages that "an insured is legally entitled to recover from an underinsured motorist." However, California Casualty points out that there is an exception to this UIM coverage when the insured also receives benefits under Workers' Compensation Law. Due to this exception, California Casualty contends that it is entitled to certain credits or set-offs from the jury's verdict for the workers' compensation benefits that have been awarded to plaintiff. California Casualty relies primarily on *Cincinnati Insurance Company v. Samples*, 192 S.W.3d 311 (Ky. 2006), as authority for its argument that it is not contractually obligated to pay plaintiff, under her UIM coverage provision, for any damages that duplicate those amounts she has been awarded on her workers' compensation claim.

Consequently, California Casualty asserts that it is entitled to the following credits and set-offs from the jury's verdict:

1. **Past Medical Expenses** - entitled to full credit for all of the amounts paid or payable by plaintiff's employer as of the date of any judgment.

2. **Future Medical Expenses** - entitled to full credit for all amounts awarded in future medical benefits. California Casualty also asserts that plaintiff's employer, third party defendant KCTCS, is not entitled to credit for amounts owing in light of the exclusion contained in plaintiff's policy regarding UIM coverage.

6

3. **Lost Wages** - entitled to credit for all temporary total disability benefits paid by plaintiff's employer against amounts awarded for past lost income.

4. **Permanent Impairment to Earning Capacity** - entitled to credit as to the discounted, lump sum value of any amounts of permanent partial disability benefits owing as of the date of any award.

Plaintiff opposes California Casualty's motion for partial summary judgment, responding to California Casualty's request for credits and off-sets, as follows:

**1. Past Medical Expenses** - plaintiff agrees that California Casualty is entitled to credit for only those amounts that are actually approved and paid by the workers' compensation carrier. Plaintiff does not agree that California Casualty is entitled to credit for those amounts that are deemed "payable."

**2. Future Medical Expenses** - plaintiff does not agree that California Casualty is entitled to credit for future medical expenses. On this point, plaintiff points to the following language from *Brocker Mfg. & Supply Co. v. Mashburn,* 17 Md.App. 327, 301 A.2d 501, 507 (1973), which was quoted by the court in *Cincinnati Insurance Company v. Samples, supra*:

> . . . future payments by the employer and insurer are suspended until such time, if it occurs, that the net amount received by the injured employee from the negligent third-party is exceeded by the benefits to which the injured employee would have been entitled in the absence of third-party liability. At that point in time, the employer and its insurer shall recommence the payment of all benefits provided for in Art. 101.

*Brocker Mfg. & Supply Co. v. Mashburn, supra.*

Relying on the foregoing language, plaintiff asserts that since any obligation to pay future medical expenses is presently suspended, California Casualty is not entitled to any credit for future medical expenses.

3. **Lost Wages** - plaintiff agrees that California Casualty is entitled to credit for all temporary total disability benefits paid by plaintiff's employer against amounts awarded for past lost income.

4. **Permanent Impairment to Earning Capacity** - plaintiff does not agree that California Casualty is entitled to credit as to the discounted, lump sum value of any amounts of permanent partial disability benefits owing as of the date of any award. Based on the Workers' Compensation Award, plaintiff asserts that California Casualty is entitled to credit for only 20% of the amount awarded in workers' compensation benefits.

In reply, California Casualty argues that as to future medical expenses, the exclusion in plaintiff's insurance policy regarding UIM coverage is applicable. The exclusion contained in plaintiff's UIM provision states, as follows:

> This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:
>
> 1. Workers' Compensation Law,
> 2. Disability Benefits Law

Asserting that it is entitled to benefit from the foregoing exclusion, California Casualty argues:

> The purpose of this exclusion is clear. California Casualty wanted to provide coverage for its insured to the extent that she had no other source of recovery whether it was the tortfeasor, employer or other collateral party. This intent was conspicuous, plain and clearly manifested on the face of the exclusion. Accordingly, the provision must be enforced under the "reasonable expectations" doctrine. Motorist Mutual Insurance Company vs. Glass, Ky. 996 S.W.2d 437 (1977); Ohio Casualty Insurance Company vs. Stanfield, Ky. 581 S.W.2d 555 (1979).

Reply, p. 2 - DE #26.

8

As to plaintiff's damages for permanent impairment to earning capacity, California Casualty

argues that the Award made by the Workers' Compensation Board has no precedential value to this

case and that it cannot be used collaterally to stop California Casualty from enforcing its exclusion,

stating:

> ... Obviously, this automobile insurer was not party to the workers' compensation
> claim, nor was it in privity with the employer or its insurer. Board of Education vs.
> Gray, 806 S.W.2d 400 (1991); Montgomery vs. Taylor-Green Gas Company, 306 Ky.
> 206 S.W.2d 919 (1947).

Reply, p. 3 - DE #26.

## Discussion/Analysis

*Cincinnati Insurance Company v. Samples*, *supra*, the primary case on which California

Casualty relies in support of its motion for partial summary judgment, is not exactly factually

identical to the present action. It is factually different in the following respects: (1) in *Cincinnati

Insurance*, the plaintiff was driving a motor vehicle owned by his employer, while in the present

action, plaintiff was driving her personal vehicle, but was acting within the course and scope of her

employment at the time of the collision; (2) in *Cincinnati Insurance*, the workers' compensation

carrier was not a party to the action, whereas in the present action the workers' compensation carrier

is a named party; and (3) in *Cincinnati Insurance*, no issue was raised concerning the exclusionary

language in the UIM policy vis-a-vis workers' compensation benefits paid to Samples, while in the

present action, California Casualty relies on such exclusionary language in the plaintiff's UIM

provision both as an affirmative defense and in support of its motion for partial summary judgment

that it is not obligated to pay plaintiff any UIM benefits that are duplicative of any benefits plaintiff

was awarded on her workers' compensation claim. However, the legal issue in *Cincinnati Insurance*

was whether KRS 342.700(1) precludes a civil plaintiff from recovering from a UIM carrier the same

9

elements of damages for which he had already been compensated by way of workers' compensation benefits and whether a UIM carrier is entitled to an offset or credit against the judgment for those damages awarded by the jury that duplicate workers' compensation benefits. *Cincinnati Insurance*, 192 S.W.3d at 315. Thus, the issue in *Cincinnati Insurance* is the same issue presented by the present action. Therefore, with the exception of those points on which *Cincinnati Insurance* is distinguishable from the present action, *Cincinnati Insurance* is virtually on all fours with the present action and is deemed to be controlling authority.

Based on *Cincinnati Insurance*, the court concludes that California Casualty's motion for partial summary judgment should be granted in part and that California Casualty is entitled to the following credits and off-sets from the jury's verdict, as itemized and explained in detail below:

| Jury's award: | $18,104.82 | past medical expenses |
|---|---|---|
| | 18,000.00 | future medical expenses |
| | 64,000.00 | permanent impairment of power to earn money |
| | **100,104.82** | **Total jury award** |

### a.    credit for policy limits paid by tortfeasor's liability carrier

To reiterate, at the time of this motor vehicle collision, the driver at fault, Joyce Smith, was insured under an automobile liability insurance policy issued by Kentucky Farm Bureau. The limit of her liability coverage was $25,000.00, and Kentucky Farm Bureau, on behalf of Joyce Smith, has paid plaintiff the full amount of the liability coverage under this insurance policy, $25,000.00.

As recognized in *Cincinnati Insurance*, pursuant to KRS 304.29-320(5), the UIM carrier is entitled to a credit against total damages in the amount of the limits of the underinsured motorist's liability coverage. Thus, California Casualty is entitled to a credit of $25,000.00 against the total damages awarded by the jury.

10

**b.     credit for payment of PIP benefits paid to plaintiff**

At the time of trial, California Casualty had already paid plaintiff PIP benefits in the amount of $5,956.00. Thus, in order to avoid double recovery to plaintiff, California Casualty is also entitled to a credit of $5,956.00 against the total damages awarded by the jury for PIP benefits previously paid to plaintiff.

**c.     credit for medical expenses awarded in workers' compensation action**

The jury awarded plaintiff past medical expenses in the amount of $18,104.82. Plaintiff's employer, through its worker's compensation insurance carrier, advises that through December 12, 2006, it has paid plaintiff $4,867.31 for past medical expenses. Thus, in order to avoid double recovery to plaintiff, California Casualty is also entitled to a credit of $4,867.31 against the past medical expenses awarded to plaintiff.

**d.     credit for future medical expenses**

The jury awarded plaintiff future medical expenses in the amount of $18,000.00. As noted above, California Casualty argues that as to future medical expenses, the exclusion in plaintiff's insurance policy regarding UIM coverage is applicable. Specifically, California Casualty argues:

> The purpose of this exclusion is clear. California Casualty wanted to provide coverage for its insured to the extent that she had no other source of recovery whether it was the tortfeasor, employer or other collateral party. This intent was conspicuous, plain and clearly manifested on the face of the exclusion. Accordingly, the provision must be enforced under the "reasonable expectations" doctrine. Motorist Mutual Insurance Company vs. Glass, Ky. 996 S.W.2d 437 (1977); Ohio Casualty Insurance Company vs. Stanfield, Ky. 581 S.W.2d 555 (1979).

Reply, p. 2 - DE #26.

California Casualty also asserts that *Cincinnati Insurance* is distinguishable and not controlling vis-a-vis future medical expenses because the issue concerning the exclusionary language

11

in the plaintiff's insurance policy concerning UIM coverage was not before the court in that case; therefore, California Casualty contends that *Cincinnati Insurance* is not controlling on this point.

California Casualty correctly points out that the matter of any exclusionary language contained in the UIM provision was not before the court and was not addressed in *Cincinnati Insurance*. Therefore, based on the exclusion contained in plaintiff's UIM policy, the court concludes that California Casualty is entitled to a credit of $18,000.00 against the future medical expenses awarded to plaintiff.

In view of not only this exclusion, but also KRS 342.020(1), the court concludes that California Casualty is entitled to credit for the jury's award of future medical expenses. In *Cincinnati Insurance*, the Kentucky Supreme Court recognized that the employer is statutorily obligated by KRS 342.020(1) to pay as workers' compensation benefits the cost of all future medical treatment reasonably required due to the injuries sustained in these situations. Consequently, even in the absence of the exclusionary language in question, California Casualty would be entitled to a credit of $18,000.00 against the future medical expenses awarded to plaintiff because the employer is statutorily required to pay future medical expenses.

**e.     credit for permanent partial disability payments made by employer**

The jury awarded plaintiff damages of $64,000 for the permanent impairment of her power to earn money. Plaintiff's employer, through its worker's compensation insurance carrier, advises that for the period of time from September 11, 2001, through January 14, 2007, it has paid plaintiff, pursuant to the workers' compensation award, $2,109.11 in permanent partial disability payments, and that and that after credits, attorney fees and other offsets, it will continue to pay plaintiff indemnity benefits at the rate of $16.17 per week through November 2, 2009; these to-be-paid

12

benefits amount to a total of $2,360.82. As of January 23, 2007, the present value of these yet-to-be-paid benefits is $2,232.27.[3]

In *Cincinnati Insurance*, the court recognized that KRS 342.700(1) proscribes against a plaintiff's double recovery of certain workers' compensation benefits in an action for UIM benefits:

> . . . In other words, the UIM carrier is liable only for damages for which the insured would have been compensated but for the fact that the tortfeasor was underinsured. It follows that if the underinsured tortfeasor could not be held liable for an item of damages, that item is not "uncompensated damages" payable by the UIM carrier. The UIM carrier is liable for damages only to the extent to which the underinsured tortfeasor is or could have been held liable."

192 S.W.3d at 316.

Thus, the amounts paid to plaintiff as permanent partial disability benefits pursuant to her Award of workers' compensation benefits must be deducted from the jury's award of damages for permanent impairment of her power to earn money. Additionally, California Casualty should also be given credit for the permanent partial disability payments plaintiff will receive per week during the remainder of the period of time (425 weeks) covered by the Workers' Compensation Award.

The court is unpersuaded by plaintiff's argument that based on the Workers' Compensation Award, California Casualty is entitled to credit for only 20% of the amount awarded in workers' compensation benefits. Since California Casualty was not a party to plaintiff's workers' compensation claim and was not in privity with plaintiff's employer or its insurer, the finding made by ALJ Marcel Smith in the Opinion and Award made in plaintiff's workers' compensation claim is not binding authority and has no precedential value as it relates to California Casualty.

---

[3] The present value of these future payments totaling $2,360.82 was determined by using a calculator and the following formula: the amount of the future payments ($2,360.82) was divided by 1.00 plus an interest rate of 4% (.04), and that figure was then multiplied by the term (146 weeks).

13

In summary, by reason of (1) duplicative workers' compensation benefits plaintiff has received or will receive and (2) the exclusion in plaintiff's UIM coverage provision regarding benefits paid under Workers' Compensation Law, California Casualty is entitled to the following credits and offsets from the jury's award, as itemized below:

**a.     Past medical expenses verdict**

| | | |
|---|---|---|
| $18,104.82 | - | jury's award |
| - 4,867.31 | - | medical expenses paid by plaintiff's employer |
| $13,237.51 | - | Judgment for past medical expenses |

**b.     Future medical expenses verdict**

| | | |
|---|---|---|
| $18,000.00 | - | jury's award |
| - 18,000.00 | - | exclusion in plaintiff's UIM coverage provision |
| $     -0- | - | Judgment for future medical expenses |

**c.     Permanent impairment of power to earn money verdict**

| | | |
|---|---|---|
| $64,000.00 | - | jury's award |
| - 2,109.11 | - | permanent partial disability payments made by employer |
| - 2,232.27 | - | present value of future payments to be made by employer |
| $59,658.62 | - | Judgment for permanent impairment of power to earn money |

With the foregoing adjustments, the jury's original total judgment of $100,104.82 should be amended, as follows:

| | | |
|---|---|---|
| Amended jury award: | $13,237.51 | past medical expenses |
| | -0- | future medical expenses |
| | 59,658.62 | permanent impairment of power to earn money |
| | **72,896.13** | **Total award** |

However, this adjusted total award should be further reduced, as follows:

| | | |
|---|---|---|
| Amended total award: | $72,896.13 | |
| | - 25,000.00 | liability policy limits from Kentucky Farm Bureau |
| | - 5,956.00 | PIP benefits defendant paid to plaintiff |
| | **41,940.13** | **Net judgment** |

14

1. The motion of defendant California Casualty for partial summary judgment [DE #18] is **GRANTED IN PART**, in the following respects:

a. that with regard to past medical expenses, California Casualty is entitled to a full credit commensurate with all amounts paid or owing by plaintiff's employer as of the date of any judgment rendered herein.

b. that with regard to future medical expenses, California Casualty is entitled to a full credit commensurate with all amounts awarded. Such expenses are to be borne by plaintiff's employer in accordance with the Kentucky Workers' Compensation Act and are also excluded from the UIM coverage provision contained in plaintiff's insurance policy.

c. that with regard to lost wages, California Casualty is entitled to a credit commensurate with all temporary total disability benefits paid or owing by plaintiff's employer against any such amounts awarded.

d. that with regard to permanent impairment to earning capacity, California Casualty is entitled to a credit as to the discounted, lump sum value of any such amounts awarded.

e. that any judgment entered herein must also be reduced by the PIP benefits California Casualty has already paid to plaintiff and by the $25,000 plaintiff received from Joyce Smith's liability insurer, Kentucky Farm Bureau.

f. that regard to any subrogation claim that may be asserted by plaintiff's employer or its risk administrator, California Casualty has no obligation to plaintiff's employer, either directly or indirectly, based on the exclusionary language contained in plaintiff's UIM provision.

15

2. A Judgment in accordance with this Memorandum Opinion and Order will be entered

contemporaneously herewith.

This $23\underline{^{\underline{RD}}}$ day of January, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

16